UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:07-cv-149-FTM-34SPC

JOSE HERNANDEZ and CATHERINE
WALKER, as Co-Personal Representatives
of the Estate of CHRISTOPHER D.
HERNANDEZ, deceased,

    Plaintiff,

vs.

RYAN TREGEA, individually and in his official capacity as Collier County Corporal, RON KELLY, individually and in his official capacity as Collier County Corporal, GEORGE HRUBOVCAK, individually and in his official capacity as Collier County Deputy, RONNY TURI, individually and in his official capacity as Collier County Deputy, PETE MEDINA, individually and in his official capacity as Collier County Corporal, DON HUNTER, individually and in his official capacity as Collier County Sheriff, COLLIER SHERIFF'S OFFICE and COLLIER COUNTY,

    Defendants.
_____/

## MOTION TO EXCEED DEPOSITION LIMIT[1]
## (AND MEMORANDUM OF LAW)

---

[1] The parties filed a Case Management Report on March 26, 2007. Therein at Section III. Agreed Discovery Plan for Plaintiffs and Defendants, C. Limits on Discovery, 1. Deposition(s), page 6 - the parties indicated that they requested 25 depositions per side. This request was not addressed in the Case Management and Scheduling Order [DE #24].

1

The Defendants, RYAN TREGEA, RON KELLY, GEORGE HRUBOVCAK, RONNY TURI, PETE MEDINA, DON HUNTER, COLLIER SHERIFF'S OFFICE and COLLIER COUNTY, through their undersigned attorneys, respectfully submit this their Motion to Exceed Deposition Limit (and Memorandum of Law), and in support thereof would state as follows:

1. Plaintiff's have filed their Second Amended Complaint alleging violations of the Decedent Christopher Hernandez's constitutional rights pursuant to Title 42 U.S.C. Section 1983, and violations of Florida's Wrongful Death Act, found in Florida Statutes 768.16 through 768.26.

2. The allegations in Plaintiff's Second Amended Complaint concern a series of events that occurred on December 28th, 2004 through December 29th, 2004. On December 28th, 2004, Decedent Christopher Hernandez was arrested and involved in an altercation with deputies from the Collier County Sheriff's Office. After Mr. Hernandez's arrest, Mr. Hernandez was transported by EMS to a local hospital. Mr. Hernandez died on December 29, 2004 while at the hospital.

3. The events of December 28th, 2004 through December 29th, 2004 were witnessed by a large number of people. There were at least seven (7) civilian eyewitnesses. In addition, there were at least three (3) fire personnel witnesses and at least ten (10) medical providers who have information regarding the Decedent's arrest and/or treated the Decedent. Among the medical witnesses are three (3) medical examiners and one toxicologist. These witnesses are located in different

counties' including Collier, Dade, Broward and Sarasota County. Furthermore, there were at least sixteen (16) employees of the Collier County Sheriff's Office who were either directly involved in the events of December 28th through 29th of 2004 and/or were involved in investigating the incident.

    4.    In addition to the above described witnesses, the complexities of this case require Defendants to hire at least two (2) expert witnesses. It is anticipated that the Plaintiff's will also hire experts. Finally, the Defendants anticipate that there may be additional damage witnesses that may need to be deposed.

    5.    Due to the large number of eyewitnesses, participants, medical and fire personnel, and expert witnesses, the Defendants will need to conduct more than ten (10) depositions, as is currently allowed by United States District Court, Middle District of Florida Local Rule 3.02(b). A good faith estimate of the number of witnesses who need to be deposed is twenty-five (25) for the Plaintiff's and twenty-five (25) for the Defendants for a total of fifty (50).

    6.    Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with counsel for Plaintiffs, in good faith, and was advised that Plaintiff does not object to the instant Motion to Exceed Deposition Limits.

    WHEREFORE, Defendants respectfully request this Honorable Court grant this their Motion to Exceed Deposition Limits.

**MEMORANDUM OF LAW**

United States District Court, Middle District of Florida Local 3.02(b) provides:

> [i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the court.

A party seeking permission to exceed the deposition limits must provide "... a particularized showing of why the discovery is necessary." Bituminous Fire and Marine Insurance Co. v. Dawson Land Development Co., 2003 W.L. 2201 (M.D. Fla. 2003), (*citing* Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F. R. D. 578, 586 (D.M. Inn. 1999).

In the instant case, an extension of the deposition limits is necessary due to the number of witness involved in this case (an alleged taser death). Based on the preliminary discovery done in the instant case, Defendants anticipate that at a minimum, at least twenty-five (25) depositions will be necessary per side for a total of fifty (50) depositions.

No party will be prejudiced by the granting of this Motion, and no previous motions to exceed the deposition limits have been filed. This Motion is made in good faith.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed a copy of the forgoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **JAMES S. ROBERTSON, III, ESQUIRE**, Counsel for Plaintiffs, 100 S.E. 2nd Street, Suite 3350, Miami, Florida 33131-2151 this **10th** day of May, 2007.

PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
Counsel for Defendants
2455 E. Sunrise Boulevard, Suite 1216
Ft. Lauderdale, Florida  33304
Telephone:   (954) 462-3200
Facsimile:    (954) 462-3861
e-mail:         richard@purdylaw.com
                   karma@purdylaw.com


BY   */s/ Richard A. Giuffreda*
        RICHARD A. GIUFFREDA, ESQUIRE
        Fla. Bar No.: 705233


BY   */s/ Karma L. Dickens*
        KARMA L. DICKENS, ESQUIRE
        Fla. Bar No.: 0010053

H:\jmorgan\PJG Files\Hernandez.CO\FEDERAL\M-Exceed Depo Limit.wpd