UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE HERNANDEZ and CATHERINE
WALKER, as Co-Personal Representatives
of the Estate of CHRISTOPHER D.
HERNANDEZ, deceased,,

                      Plaintiff,

-vs-                                  Case No. 2:07-cv-149-FtM-34SPC

RYAN TREGEA, in his official capacity as Collier
County Corporal, RON KELLY, in his official
capacity as Collier County Corporal, GEORGE
HRUBOVCAK, in his official capacity as Collier
County Deputy, RONNY TURI, in his official
capacity as Collier County Deputy, PETE MEDINA,
in his official capacity as Collier County Corporal,
DON HUNTER, individually, DON HUNTER, in
his official capacity as Collier County Sheriff,
COLLIER SHERIFF'S OFFICE and COLLIER
COUNTY,,

                      Defendant.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendants' Motion for Contempt Against Gervaris Leaphart (Doc. #62); the Defendants' Motion for Contempt Against Arnel Marc (Doc. #65) and the Defendants' Motion for Contempt Against Jasmine Davis (Doc. #66) filed on February 11, 2008.

*Procedural History*

On March 7, 2007, the Defendants filed a Notice of Removal (Doc. #1) transferring the case from the Twentieth Judicial Circuit, in and for Collier County, Florida to the United States District Court for the Middle District of Florida. The Plaintiff filed an Amended Complaint (Doc. #2) alleging violations of Title 42, United States Code § 1983 and 1988, the Fourth and Fourteenth Amendments Florida's Wrongful Death Act found in Fla. Stat. 768.16 through 768.26. The Defendants responded to the Complaint by filing an Amended Motion to Dismiss (Doc. #6). However, on April 13, 2007, the Plaintiff filed a Second Amended Complaint (Doc. #23) which effectively mooted the initial Motion to Dismiss. (Doc. #3). The Defendants subsequently filed Motions to Dismiss the Second Amended Complaint (Doc. #30-32). Further, the Defendants filed a Motion to Exceed the Deposition Limit imposed by M.D. Fla. Local Rule 3.02(b). The parties were granted permission to exceed the ten depositions by five (5), making a total of fifteen (15) depositions for each side. (Doc. #42).

On January 11, 2008, the Defendants moved the Court for Contempt against the Plaintiffs' witnesses, Gervaris Leaphart, Roman Gordon, Kevin Taylor, Arnel Marc and Jasmine Davis, for failure to appear at their respective scheduled depositions. (Doc. #'s 62-66). In support of their Motions, the Defendants provided the Return of Service (Exhibit A), the Subpoena to Appear, the witness check issued to the respective witness (Exhibit B), and the Certificate of Non-Appearance (Exhibit C). Upon review of the Motions and supporting Exhibits, the Court issued Orders to Show Cause to each witness requiring them to respond in writing within eleven (11) days as to why

sanctions should not be imposed for failure to obey a federal subpoena[1]. (Doc. #'s 67 - 71). Witness Kevin Taylor filed a response indicating he was scheduled to be deposed during his incarceration but was released from jail and misplaced the subpoena[2]. Having shown good cause for the non-appearance, the Court discharged the Order to Show Cause and the deposition was subsequently rescheduled. (Doc. #76).

The Court did not receive responses from the four (4) remaining witnesses, therefore, evidentiary hearings on the Orders to Show Cause were scheduled for February 26, 2008 at 9:30 A.M.. The Court sent notice compelling their attendance. (Doc. #'s 77-80). The witnesses failed to appear for the Show Cause hearings with the exception of Roman Gordon. Mr. Gordon arrived late, however, provided the Court with an explanation as to why he failed to appear. Mr. Gordon stated that he would schedule another deposition with Defense Counsel. The Court was satisfied with his explanation and will issue directions regarding the rescheduling of the deposition under separate Order.

In regard to the remaining witnesses, the Court, having extended ample opportunity to provide justification for the failure to comply with Court orders, finds that the Motions for Contempt as to Gervaris Leaphart, Arnel Marc, and Jasmine Davis, are now ripe for disposition.

## DISCUSSION

The Defendant argues that the imposition of sanctions against the Plaintiffs' witnesses is appropriate based upon their failure to comply with a federal subpoena and appear at their respective

---

[1] An Amended Order to Show Cause (Doc. #72) was issued to Roman Gordon in order to correct a typographical error in the original Order.

[2] Mr. Taylor further indicates that the place of service was his mother's home which was involved in a fire, forcing both residents to relocate for a period of time. See Response Doc. #75

scheduled depositions. The Defendant seeks to preclude their testimony at trial and seeks reimbursement of the compensation offered to the witnesses for their appearance at their depositions.

Federal Rule of Civil Procedure 45(e) states:

Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate case for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Here, the individual witnesses were properly served in the appropriate jurisdiction. Although the Court provided ample opportunity, both in writing and in person, for the witnesses to demonstrate good cause for their non-compliance, to date, Gervaris Leaphart, Arnel Marc, and Jasmine Davis, have consistently ignored the Court's Orders. Further, these witnesses received compensation in the amount of forty-one dollars and thirteen cents ($41.13) for their appearance at the deposition. Despite their non-attendance, these checks were subsequently cashed and the monies were kept by the individuals. Therefore, the Court finds that the imposition of sanctions against the non-compliant witnesses is appropriate in this matter.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Defendants' Motion for Contempt Against Gervaris Leaphart (Doc. #62); the Defendants Motion for Contempt Against Arnel Marc (Doc. #65) and the Defendants Motion for Contempt Against Jasmine Davis (Doc. #66) should be **GRANTED**. The testimony of Gervaris Leaphart, Arnel Marc, and Jasmine Davis should be precluded at trial. It is further respectfully recommended that Gervaris Leaphart, Arnel Marc and Jasmine Davis should reimburse the Defendants the witness fee of $41.13.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal**.

**Respectfully recommended** at Fort Myers, Florida, this  3rd  day of March, 2008.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record