**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

JOSE HERNANDEZ and CATHERINE
WALKER, as Co-Personal Representatives
of the Estate of CHRISTOPHER D.
HERNANDEZ, deceased,

                         Plaintiffs,

-vs-                                  Case No.  2:07-cv-149-FtM-34SPC

RYAN TREGEA, in his official capacity as
Collier County Corporal, RON KELLY, in
his official capacity as Collier County
Corporal, GEORGE HRUBOVCAK, in his
official capacity as Collier County Deputy,
RONNY TURI, in his official capacity as
Collier County Deputy, PETE MEDINA, in
his official capacity as Collier County
Corporal, DON HUNTER, individually,
DON HUNTER, in his official capacity as
Collier County Sheriff, COLLIER
SHERIFF'S OFFICE and COLLIER
COUNTY,

                         Defendants.

_____/

## O R D E R

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 86;

Report), entered by the Honorable Sheri Polster Chappell, United States Magistrate Judge,

on March 3, 2008.  In the Report, Magistrate Judge Chappell recommends that the Court

grant Defendants [sic] Motion for Contempt against Gervaris Leaphart (Doc. 62; Leaphart

Motion), Defendants [sic] Motion for Contempt against Arnel Marc (Doc. 65; Marc Motion),

and Defendants [sic] Motion for Contempt against Jasmine Davis (Doc. 66; Davis Motion)

(collectively, Motions for Contempt).  In the Report, as a result of Gervaris Leaphart, Arnel

Marc, and Jasmine Davis's failures to appear at their respective depositions and respond to

the Court's orders to show cause, Magistrate Judge Chappell recommends that the Court

preclude the testimony of Gervaris Leaphart, Arnel Marc, and Jasmine Davis at the trial in

this action, and order them to reimburse Defendants for the $41.13 witness fees each

received.  Plaintiffs filed their Objections to Report and Recommendation on Defendants'

Motions for Contempt (Doc. 88; Plaintiffs' Objections) on March 11, 2008, and Defendants

filed their Response to Plaintiffs' Objections to Report and Recommendation on Defendants'

Motions for Contempt (Doc. 89; Defendants' Response) on March 12, 2008.  For the reasons

explained below, the Court accepts the Report in part.  To the extent that the Report

recommends that the witnesses be required to reimburse Defendants for their witness fees,

the Report is accepted.  However, the Court will modify the Report in that it will not preclude

the witnesses' testimony at trial at this time.

## I.    Procedural History

Plaintiffs Jose Hernandez and Catherine Walker, as co-representatives of the estate

of Christopher D. Hernandez, filed this action against Defendants alleging negligence and

violations of the decedent's constitutional rights.  See generally, Second Amended Complaint

(Doc. 23).  According to the twelve-count Second Amended Complaint, during a traffic stop,

Defendants Tregea, Kelly, Hrubovcak, Turi, Medina, and several other unidentified members

of the Collier County Sheriff's Office kicked, tazered, and beat the unarmed decedent with

their fists and police batons for 15 to 20 minutes.  Second Amended Complaint at ¶¶ 12 - 21.

He was then transported to Naples Community Hospital, where he later died.  Id. at ¶¶ 27 -

28.

On May 10, 2007, Defendants filed their Motion to Exceed Deposition Limit (and Memorandum of Law) (Doc. 41; Motion) so that they would be able to conduct more than the ten depositions allowed under Rule 30(a)(2)(A), Federal Rules of Civil Procedure (Rule(s)), and Local Rule 3.02(b).  <u>See</u> Motion at 2 - 3.  On May 15, 2007, Magistrate Judge Chappell entered an Order (Doc. 42; May 15 Order) allowing each party to conduct five additional depositions.  <u>See</u> May 15 Order at 2.  Defendants then served subpoenas on non-party witnesses Gervaris Leaphart, Arnel Marc, and Jasmine Davis pursuant to Rule 45, directing each of them to appear for a deposition at a given place and time.  <u>See</u> Leaphart Motion at Exh. A; Marc Motion at Exh. A; and Davis Motion at Exh. A.  In addition, pursuant to 28 U.S.C. § 1821(b), Defendants issued each witness a check in the amount of $41.13 as a witness fee.  <u>See</u> Leaphart Motion at Exh. B; Marc Motion at Exh. B; and Davis Motion at Exh. B.  Although each witness fee check was negotiated, none of these witnesses appeared for his or her respective deposition, as required by the applicable subpoena.  <u>See</u> Leaphart Motion at Exh. C; Marc Motion at Exh. C; and Davis Motion at Exh. C.

On January 11, 2008, Defendants filed their Motions for Contempt[1] in which Defendants requested that the Court order Gervaris Leaphart, Arnel Marc, and Jasmine Davis to show cause for failing to appear at their depositions, and, if good cause was not shown, that the Court hold them in contempt.  Leaphart Motion at 3; Marc Motion at 3; and

---

[1]   Defendants filed motions for contempt against two other non-party witnesses, Roman Gordon and Kevin Taylor, who were also served with subpoenas and also failed to appear for their depositions.  <u>See</u> Docs. 63 and 64.  Because these witnesses had adequate excuses justifying their failures to comply with the subpoenas, Magistrate Judge Chappell denied the motions for contempt as to Roman Gordon and Kevin Taylor. <u>See</u> Doc. 84 and Doc. 85.

Davis Motion at 3.  In addition, Defendants requested that the Court strike the testimony of each witness in the event that he or she failed to appear for deposition a second time.  Id. On January 15, 2008, Magistrate Judge Chappell entered orders to show cause directing Gervaris Leaphart (Doc. 69), Arnel Marc (Doc. 70), and Jasmine Davis (Doc. 67), to show cause in writing as to why the Court should not enter sanctions in connection with each of their failures to obey the subpoenas.  Doc. 69 at 2; Doc. 70 at 2; and Doc. 67 at 2.  None of these individuals provided the Court with any response to the orders to show cause, much less any explanation of why he or she failed to appear for deposition.  See generally, Docket. Based on their failures to respond, the Court scheduled an Order to Show Cause Hearing on the witnesses' failures to obey the subpoenas and respond to the orders to show cause. See id.  Accordingly, on February 6, 2008, the Court sent notices to appear to Gervaris Leaphart (Doc. 78), Arnel Marc (Doc. 77), and Jasmine Davis (Doc. 80), which directed each of them to appear before Magistrate Judge Chappell on February 26, 2008, to show cause why sanctions should not be imposed for their failures to obey the subpoenas and the Court's orders.  None of these individuals appeared at the Order to Show Cause Hearing. See Report at 3.

Based on the witnesses' failures to appear at the hearing, Magistrate Judge Chappell determined that the Motions for Contempt were ripe.  Id. Thereafter, on March 13, 2008, the Magistrate Judge entered the Report in which she recommends that the Court direct Gervaris Leaphart, Angel Marc, and Jasmine Davis to reimburse Defendants for the $41.13 each received as a witness fee.  Id. at 4.  In addition, the Magistrate Judge recommends that the Court preclude the testimony of Gervaris Leaphart, Angel Marc, and Jasmine Davis at

the trial in this action.  Id.

Plaintiffs object to that portion of the Report which precludes the witnesses at issue from testifying at any trial in this matter.  See generally, Plaintiffs' Objections.  Specifically, Plaintiffs argue that contempt is an extreme sanction that should only be rarely imposed. Plaintiffs' Objections at 2.  In addition, Plaintiffs argue that exclusion of testimony is not a remedy available for the failure to comply with a subpoena under Rule 45.[2]  Plaintiffs note that the witnesses are not under their control and that exclusion of their testimony punishes Plaintiffs "rather than the recalcitrant witnesses."  Id. at 3.  In addition, Plaintiffs contend that Defendants did not even seek exclusion of the witnesses' testimony at this juncture.[3]  Id. at 2.  In response to Plaintiffs' Objections, Defendants argue that "the ends of justice would not be served if these witnesses are allowed to blatantly disregard federal subpoenas and this Court's Orders if they are not stricken" and that "Defendants will be prejudiced if these witnesses are allowed to suddenly appear and testify live before a jury without the opportunity to take their depositions prior to trial . . . ."  Defendants' Response at 3.

## II.    Discussion

Rule 45 permits a party to procure discovery from a non-party through the issuance and service of a subpoena.  Indeed a properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect

---

[2]    "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Rule 45(e).

[3]    Defendants' Motions for Contempt request that the Court preclude the witnesses' testimony in the event that they again fail to appear for deposition.  See Leaphart Motion at 3; Marc Motion at 3; Davis Motion at 3.

to the discovery requested in the subpoena.  Rule 45(a)(2)(B) authorizes a party to compel a non-party to appear and provide deposition testimony.  One who fails to obey a properly issued and served subpoena without adequate excuse may be found in contempt of court. See Rule 45(e).

While Rule 45(e) governs the issuance of sanctions against a *non-party* for failure to obey a subpoena, a *party's* failure to participate in discovery is governed by Rule 37.  For example, Rule 37 provides that if a party fails to obey a discovery order, the court can "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ."  Rule 37(b)(2)(A)(ii).  However, absent entry of a court order requiring "a deponent to be sworn or to answer a question," Rule 37 does not provide a remedy for the failure of a non-party witness to appear at a deposition.  Rule 37(b)(1); see also American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc., 2006 WL 1063299, *1 (M.D. Fla. 2006) ("The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena is found in Rule 45(e).")

The record before the Court discloses that Defendants served subpoenas on non-party witnesses Gervaris Leaphart, Arnel Marc, and Jasmine Davis and that each failed to appear for deposition as directed.  However, there is no indication that Plaintiff has any control over these witnesses, or that Plaintiff took any action to procure their failure to appear.  The purpose of Rule 45(e) is to sanction a recalcitrant witness who fails to obey a subpoena, not to punish the party in the underlying litigation.  See, e.g., Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) (order

-6-

striking pleadings was not a permissible Rule 45 contempt sanction for the failure to comply with a subpoena <u>duces tecum</u>).  Accordingly, the Court declines to prejudice the potential presentation of evidence in this action by precluding the testimony of these witnesses based upon the current record.  Although Defendants believe they will be prejudiced by the trial testimony of the witnesses without the benefit of a deposition, they do not suggest that Plaintiffs played any role in causing such prejudice.[4]  Thus, the Court concludes that sanctioning Plaintiffs by precluding any presentation of the testimony of the witnesses would be inappropriate.

Generally, civil contempt sanctions include a fine and/or confinement, levied against the party held in contempt.  <u>See</u> <u>In re Dinnan</u>, 625 F.2d 1146, 1149 (11th Cir. 1980) (authorizing a coercive, non-punitive fine payable to the clerk of the court as an appropriate sanction for civil contempt); and 28 U.S.C. § 1826 (authorizing the confinement of a recalcitrant witness for the failure to obey a subpoena).  Requiring Gervaris Leaphart, Arnel Marc, and Jasmine Davis to reimburse Defendants for the witness fees each received is an appropriate sanction.

## III.   Conclusion

Upon <u>de novo</u> review, for the reasons stated, the Court will accept Magistrate Judge Chappell's recommendation that Gervaris Leaphart, Angel Marc, and Jasmine Davis be required to reimburse Defendants for the $41.13 in witness fees each received.  However, the Court will modify the Report's recommendation that the testimony of Gervaris Leaphart,

---

[4]     Should it appear that a witness whom Defendants have not had the ability to depose will testify at trial, the Court can enter an appropriate order to cure such prejudice.

Arnel Marc, and Jasmine Davis be precluded at trial.

Accordingly, it is hereby

**ORDERED:**

1.     Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc.

86) is **ACCEPTED, IN PART, and MODIFIED, IN PART**.

     a.     The Report is **ACCEPTED** as to the second recommendation contained

on page four of the Report.  Gervaris Leaphart, Arnel Marc, and

Jasmine Davis are each directed to reimburse Defendants the $41.13

witness fees each received from Defendant in connection with the

subpoenas to appear for their respective depositions.

     b.     The Report is **MODIFIED** in that the Court will not preclude the

testimony of Gervaris Leaphart, Arnel Marc, and Jasmine Davis at this

time.

2.     Plaintiff's Objections to Report and Recommendation on Defendants' and

Motions for Contempt (Doc. 88) are **SUSTAINED**, in part.

**DONE AND ORDERED** in Chambers on August 4, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc7
Copies to:
Counsel of Record